■ In the Matter of the MARY IMMACULATE HOSPITAL DIVISION OF THE CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC., et al., Petitioners, v JAMES KRAUSKOPF, as Commissioner of the New York City Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent New York State Commissioner of Social Services, dated April 4, 1983 and made after a statutory fair hearing, which affirmed the determination of the local agency, denying petitioners' application for medical assistance. ¶ Petition dismissed, without costs or disbursements, without prejudice to renewal after determination of an application to be made by petitioners for intervention and injunctive relief in a class action entitled *Lewis v Krauskopf* (79 Civ 1740), currently pending in the United States District Court for the Eastern District of New York. ¶ Pursuant to the decision of this court in *Matter of South Nassau Communities Hosp. v D'Elia* (71 AD2d 110, 118-120, affd 53 NY2d 827), and the decision of the Appellate Division, First Department, in *Matter of Papadopoulos v Shang* (67 AD2d 84), persons such as the patient in the case at bar, Maudlyn McDonald, would be entitled to medical assistance. However, the primary issue in this proceeding is substantially identical to the issue in a class action pending in the United States District Court for the Eastern District of New York (*Lewis v Krauskopf,* 79 Civ 1740, *supra*), namely, whether aliens who have had petitions filed on their behalves with the Immigration and Naturalization Service are permanently residing in the United States under color of law and are therefore eligible for medical assistance pursuant to 42 CFR 435.402 (b). For that reason, the petition should be dismissed (cf. CPLR 3211, subd [a], par 4), without prejudice to renewal after determination of an application to be made by petitioners for intervention in the class action and for an injunction restraining the defendants in the class action from denying medical assistance to Maudlyn McDonald pending final judgment in that action. ¶ If such an application is granted, petitioners, on behalf of Mrs. McDonald, will be able to obtain medical assistance during the pendency of the Federal class action, and respondents will receive reimbursement from the Federal Government pursuant to the statutes governing Medicaid (US Code, tit 42, § 1396 *et seq.*). If the application is denied, or if the final judgment in the class action is in favor of the defendants, petitioners may renew their article 78 proceeding against the respondents New York State Commissioner of Social Services and Commissioner of the New York City Department of Social Services. We are of the belief that respondents have a legitimate interest in obtaining reimbursement from the Federal Government for medical assistance payments made to persons such as Maudlyn McDonald. Dismissing the petition without prejudice to renewal after determination of an application by petitioners for intervention and injunctive relief in the pending Federal class action will afford respondents an opportunity to obtain reimbursement from the Federal Government and at the same time will enable McDonald to obtain medical assistance. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.